M. RANDALL OPPENHEIMER (S.B. #77649)
roppenheimer@omm.com
DAWN SESTITO (S.B. #214011)
dsestito@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

JONATHAN A. HUNTER (*Pro hac vice forthcoming*)
jahunter@liskow.com
STEPHEN W. WIEGAND (*Pro hac vice forthcoming*)
swwiegand@liskow.com
CARSON M. HADDOW (*Pro hac vice forthcoming*)
chaddow@liskow.com
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for Applicant for Intervention*
EXXON MOBIL CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WISHTOYO FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT; U.S. DEPARTMENT OF THE INTERIOR; SALLY JEWELL, Secretary of the Interior; JOAN BARMINSKI, Pacific Region Director, Bureau of Ocean Energy Management; MARK FESMIRE, Pacific Region Director, Bureau of Safety and Environmental Enforcement,<br><br>Defendants. | Case No. 2:16-cv-08473-PSG-FFMx<br><br>**DECLARATION OF KEN DOWD IN SUPPORT OF EXXON MOBIL CORPORATION'S MOTION FOR LEAVE TO INTERVENE**<br><br>Hearing Date: April 17, 2017<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 6A<br>Judge: Hon. Philip S. Gutierrez |

I, Ken Dowd, depose and state as follows:

1. I am over 21 years of age and am competent to make this declaration. The facts set forth in this declaration are based on both my personal knowledge and information gathered in the course of my business activities.

2. I am currently employed by Exxon Mobil Corporation ("ExxonMobil"). I am the Production Manager of the U.S. Production ("USP") division of Exxon Mobil Production Company. Through my employment, I have acquired knowledge regarding ExxonMobil's operations and interests in oil and gas exploration and production in the Pacific Outer Continental Shelf ("OCS") Region.

3. ExxonMobil is a long-standing and active participant in oil and gas exploration and development activities in the Pacific OCS Region.

4. ExxonMobil operates the Santa Ynez Unit ("SYU") located in the Pacific OCS Region off the coast of California in the Santa Barbara Channel.

5. The SYU was formed in 1970 and currently contains 16 OCS leases: OCS-P-0180, OCS-P-0181, OCS-P-0182, OCS-P-0183, OCS-P-0187, OCS-P-0188, OCS-P-0189, OCS-P-0190, OCS-P-0191, OCS-P-0192, OCS-P-0193, OCS-P-0194, OCS-P-0195, OCS-P-0326, OCS-P-0329, OCS-P-0461. ExxonMobil owns 100% of the interest in each of those 16 leases.

6. Drilling and production operations in the SYU are conducted from three platforms, the Heritage Platform, the Harmony Platform, and the Hondo Platform, each of which is operated by ExxonMobil.

7. The Heritage Platform, which was installed in 1989, is located on Lease OCS-0182 approximately eight miles from shore.

8. The Harmony Platform, which was installed in 1989, is located on lease OCS-P-0190 approximately six miles from shore.

9. The Hondo Platform, which was installed in 1976, is located on Lease OCS-P-0188 approximately five miles from shore.

10. To date, ExxonMobil has made substantial investments in acquiring,

exploring, and developing the lease interests that make up the SYU and in installing and operating the Heritage, Harmony, and Hondo Platforms. ExxonMobil's capital expenditures and operating expenses for its SYU Unit operations totaled more than $413 million in 2014 alone.

11. ExxonMobil currently operates over 100 wells in the SYU. Between 1981 and 2014, the SYU produced over 663 million oil equivalent barrels (oil and gas). ExxonMobil's SYU produced an average of 27 million cubic feet of natural gas, and 30,000 barrels of oil and condensate per day (gross) in 2014.

12. ExxonMobil seeks approval from the Department of the Interior ("DOI") for its offshore oil and gas exploration plans and development and production plans. ExxonMobil also seeks approval from DOI's Bureau of Safety and Environmental Enforcement ("BSEE") for drilling and well stimulation activities under approved exploration or development plans. These approvals include an Application for Permit to Drill ("APD"), which must be obtained prior to drilling a well, and an Application for Permit to Modify ("APM"), which must be obtained in the event a drilling plan is revised.

13. Oil production at the Heritage, Harmony, and Hondo Platforms is currently suspended due to a third party's May 2015 pipeline rupture in Santa Barbara County, California. The ruptured pipeline currently serves as the transport route for oil produced at ExxonMobil's SYU Platforms. ExxonMobil continues to evaluate options for restoring production operations.

14. In order to re-start production, ExxonMobil anticipates that it will require the use of certain acid well stimulation treatments at one or more wells. Moreover, ExxonMobil will require acid well stimulation treatments to drill and complete new wells, and recomplete existing wells, at SYU.

15. Plaintiffs in the above-captioned litigation seek to "[p]rohibit the Bureaus from authorizing offshore fracking and other well stimulation practices

unless and until the Bureaus comply with NEPA and the ESA." Compl. For Declaratory & Other Relief, Prayer for Relief ¶ 4, R. Doc. 1.

16. ExxonMobil has a significant and direct stake in the pending litigation. Were the Plaintiffs in this litigation to prevail and to obtain the injunctions they have requested, such injunctive relief would have a significant and direct effect on ExxonMobil's property, regulatory, and economic interests in its SYU leases and permits. In particular, the requested relief could restrict ExxonMobil's ability to restart oil production at the Heritage, Harmony, and Hondo Platforms. It would also severely restrict ExxonMobil's plans to further develop its existing Pacific OCS leases.

17. At a minimum, the requested injunction would substantially and indeterminately delay ExxonMobil's oil production activities. This would result in increased costs in producing crude oil from the SYU, which could potentially impede the development of the SYU and undermine ExxonMobil's lease interests.

18. Further, the requested injunction could result in significant sums in wasted investments and lost production opportunities.

19. In addition, ExxonMobil currently intends to continue to invest substantially in its SYU leases in the future. In the ordinary course of its operations, ExxonMobil will continue to evaluate and generate new opportunities to develop the SYU leases including but not limited to the drilling of new wells and stimulation of new and existing wells. These activities would require that ExxonMobil obtain additional APDs and APMs. Any legal action that would result in an injunction prohibiting the issuance of APDs and APMs would directly impact these activities.

/ / /
/ / /
/ / /
/ / /

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February __7__, 2017 in Spring, Texas.

_Kenneth C. Dowd_
Ken Dowd